**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **PATRICK GINN,**<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PATTERSON-UTI DRILLING COMPANY LLC,**<br><br>**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO**<br>**FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Patrick Ginn brings this action individually and on behalf of all current and former HSE Advisors (collectively "Plaintiff and the Putative Collective/Class Members") who worked for Defendant—Patterson-UTI Drilling Company LLC ("Patterson")—anywhere in the United States, at any time from August 1, 2020, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207, and 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19–36.

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of New Mexico to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Patterson at any time from August 1, 2020, through the final disposition of this matter, and were not paid overtime compensation in violation of the FLSA and NMMWA.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Patterson not to pay overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

5. Patterson knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Collective/Class Members did not and do not perform work that meets the definition of exempt work under the FLSA or NMMWA.

7. Patterson knowingly and deliberately misclassified Plaintiff and the Putative Collective/Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 New Mexico Class is certified as defined herein, and Plaintiff Ginn be designated as the Class Representative.

## II.
## THE PARTIES

11. Plaintiff Ginn was employed by Patterson in New Mexico and Texas during the relevant time period. Plaintiff Ginn did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former HSE Advisors who were employed by Patterson at any time from August 1, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ginn worked and was paid.

13. The New Mexico Class Members include those current and former HSE Advisors who were employed by Patterson, in the state of New Mexico, at any time from August 1, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ginn worked and was paid.

14. Defendant Patterson is a foreign limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Capitol Corporate Services, Inc., 1501 S Mopac Expy, STE 220, Austin, Texas 78746.**

---

[1] The written consent of Patrick Ginn is attached hereto as Exhibit "A."

# III.
# JURISDICTION & VENUE

15. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

17. This Court has original jurisdiction over the additional New Mexico state law claims under 28 U.S.C. § 1332(d).

18. This Court has general and specific personal jurisdiction over Patterson because Texas qualifies as Patterson's home state and because Plaintiff's claim arose in this District as a result of Patterson's conduct within this District and Division.

19. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20. Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Patterson's corporate headquarters is located in Houston, Texas which is located within this District and Division.

# IV.
# BACKGROUND FACTS

22. Defendant Patterson is an oilfield services company that owns and operates land-based oil rigs throughout the United States.[2]

---

[2] https://patenergy.com/company/about-us/default.aspx.

23. To provide its services, Patterson employed (and continues to employ) numerous HSE Advisors as salaried workers—including Plaintiff and the individuals that make up the putative or potential collective/class.

24. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

25. Patterson paid (and pays) Plaintiff and the Putative Collective/Class Members a salary and classified them as exempt from overtime under the FLSA.

26. Plaintiff Ginn was employed by Patterson in Texas from approximately March 2022 until April 2023, as a HSE Advisor.

27. Plaintiff and the Putative Collective/Class Members are (or were) **_non-exempt_** HSE Advisors employed by Patterson during the relevant time-period.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as Patterson) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Moreover, Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Patterson resulting in the complained of FLSA violations.

30. Plaintiff and the Putative Collective/Class Members were all paid a salary but no overtime.

31. Plaintiff and the Putative Collective/Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Patterson.

32. Specifically, Plaintiff and the Putative Collective/Class Members' job duties consisted of performing primarily of manual non-management work such as inspecting oil rigs, inspecting job

sites to ensure that safety regulations are followed, ensuring workers wear proper protective equipment, completing safety checklists, and communicating their factual findings to HSE Senior Advisors.

33. Plaintiff and the Putative Collective/Class Members all perform the same primary duties nationwide regardless of their specific job title or location.

34. They abide by the same policies and procedures, regardless of their specific job title or location.

35. Plaintiff and the Putative Collective/Class Members do not perform work that is directly related to the management of general business operations of Patterson.

36. Instead, Plaintiff and the Putative Collective/Class Members perform work directly related to the production side of Patterson's business.

37. Plaintiff and the Putative Collective/Class Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

38. Plaintiff and the Putative Collective/Class Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

39. Plaintiff and the Putative Collective/Class Members do not customarily and regularly direct the work of two or more other employees.

40. Plaintiff and the Putative Collective/Class Members are not responsible for setting schedules or rates of pay.

41. Plaintiff and the Putative Collective/Class Members cannot deviate from Patterson's requirements or instructions without permission.

42. Plaintiff and the Putative Collective/Class Members typically worked (and continue to work) approximately fifty (50) to eighty (80) hours per week.

43. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

44. Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

45. Patterson denied Plaintiff and the Putative Collective/Class Members overtime pay as a result of a widely applicable, illegal pay practice.

46. Plaintiff and the Putative Collective/Class Members are non-exempt employees under the FLSA.

47. Although it is well-known that blue collar production-side workers like Plaintiff and the Putative Collective/Class Members are ***not*** exempt from overtime, Patterson did not pay Plaintiff and the Putative Collective/Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

48. Patterson applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the Putative Collective/Class Members consisted of ***non-exempt*** work.

49. The decision by Patterson not to pay overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

50. Because Patterson did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Patterson's pay policies and practices violated (and continue to violate) the FLSA.

51. Patterson knowingly and deliberately misclassified Plaintiff and the Putative Collective/Class Members as exempt employees not entitled to overtime compensation.

52. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

53. Additionally, Plaintiff and the Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the NMMA as a Rule 23 class action.

54. Plaintiff prays that all similarly situated workers (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

55. The preceding paragraphs are incorporated as though fully set forth herein.

56. The "FLSA Collective" is defined as:

**ALL HSE ADVISORS WHO WORKED FOR PATTERSON-UTI DRILLING COMPANY LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 1, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A SALARY AND NO OVERTIME COMPENSATION.**

57. At all material times, Patterson has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. At all material times, Patterson has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59. At all material times, Patterson has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or

occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60. Specifically, Patterson operates throughout the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the internet.

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Patterson, these individuals provided services for Patterson that involved interstate commerce for purposes of the FLSA.

62. In performing work for Patterson, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) salaried employees who traveled across state lines and assisted in producing or manufacturing goods throughout the United States. 29 U.S.C. § 203(j).

64. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

65. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Patterson.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

67. Patterson violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68. Moreover, Patterson knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69. Patterson is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

70. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Patterson to pay them according to the law.

71. The decision and practice by Patterson to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

72. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Patterson's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

75. Other similarly situated employees of Patterson have been victimized by Patterson's patterns, practices, and policies, which are in willful violation of the FLSA.

76. The FLSA Collective Members are defined in Paragraph 56.

77. Patterson's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Patterson's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

78. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

79. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

80. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

81. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

82. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Patterson will retain the proceeds of their violations.

83. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 56.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A. NMMWA COVERAGE**

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The "New Mexico Class" is defined as:

**ALL HSE ADVISORS WHO WORKED FOR PATTERSON-UTI DRILLING COMPANY LLC, IN THE STATE OF NEW MEXICO, AT ANY TIME FROM AUGUST 1, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A SALARY AND NO OVERTIME COMPENSATION.**

87. At all material times, Patterson has been an employer within the meaning of the NMMWA.

88. At all material times, Plaintiff Ginn and the New Mexico Class Members have been employees within the meaning of the NMMWA.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

89. All previous paragraphs are incorporated as though fully set forth herein.

90. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

91. Plaintiff Ginn and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

92. Plaintiff Ginn and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Patterson violated the NMMWA by failing to pay Plaintiff Ginn and other class members any overtime premium for hours worked over forty (40) per week.

93. Plaintiff Ginn and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Patterson's acts or omissions as described herein; though Patterson is in possession and control of necessary documents and information from which Plaintiff Ginn and the NMMWA Class Members would be able to precisely calculate damages.

94. In violating the NMMWA, Patterson acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

95. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the NMMWA, is defined in Paragraph 86.

96. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Patterson.

**C. NMMWA CLASS ALLEGATIONS**

97. Plaintiff Ginn brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Patterson to work in New Mexico since August 1, 2020

98. Class action treatment of Plaintiff Ginn's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

99. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

100. Plaintiff Ginn's claims share common issues of law and fact with the claims of the New Mexico Class.

101. Plaintiff Ginn is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

102. Plaintiff Ginn and his counsel will fairly and adequately represent the class members and their interests.

103. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

104. Accordingly, the New Mexico Class should be certified as in Paragraph 86.

# VI.
# RELIEF SOUGHT

105. Plaintiff Ginn respectfully prays for judgment against Patterson as follows:

   a. For an Order certifying the FLSA Collective as defined in ¶ 56;

   b. For an Order certifying the NMMWA Class as defined in Paragraph 86, and designating Plaintiff Ginn as Representative of the NMMWA Class;

   c. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order pursuant to § 16(b) of the FLSA finding Patterson liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   e. For an Order pursuant to New Mexico state law awarding Plaintiff Ginn and the New Mexico Class Members damages for unpaid wages, liquidated damages, and all other damages allowed by law;

   f. For an Order awarding the costs of this action;

   g. For an Order awarding attorneys' fees;

    h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i.  For an Order awarding Plaintiff Ginn a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of Patterson, at Patterson's expense, should discovery rove inadequate; and

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 1, 2023 Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective/Class Members*